UNION COUNTY et al., Appellees, v. STATE SAVINGS BANK OF AFTON et al., Appellants.

**APPEAL AND ERROR:** Dismissal—Total Absence of Evidence. An appeal in an equitable action must be dismissed when the only questions raised depend on the facts, and such facts are not presented.

Headnote 1: 4 C. J. p. 482.

Headnote 1: 2 R. C. L. 128.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

NOVEMBER 16, 1926.

Action to establish the claim of the county against the receiver of defendant bank as a preferred claim, and for judgment against the surety on a bond given by the bank.—*Appeal dismissed.*

*Ben J. Gibson,* Attorney-general, and *Kenneth H. Davenport,* for appellant.

*E. L. Carroll,* for Union County and G. H. McCornack, Treasurer.

*Higbee & McEniry,* for J. F. Gummere, C. F. Putt, M. D. Coen, and J. W. Coen.

ALBERT, J.—On the 21st day of June, 1924, plaintiffs, who are Union County and G. H. McCornack, its treasurer, filed their duly verified petition in the Union County district court, making the State Savings Bank of Afton, Iowa, Leach, superintendent of banking and receiver thereof, J. F. Gummere, C. F. Putt,

M. D. Coen, and J. W. Coen, defendants. This petition alleges the corporate capacity of both plaintiff and the savings bank, and that the savings bank was insolvent, and that Leach is receiver thereof, and that Gummere, Putt, Coen, and Coen signed the depository bond on March 30th, running in favor of Union County, to secure the deposit made by Union County in aforesaid bank; that the bank closed its doors on the 15th of March, 1924, and Leach was appointed receiver, and at that time the county had on deposit in said bank $6,798.87; and that proof of preferred claim therefor had been filed with the receiver. It asked that the claim be allowed for the aforesaid amount, and that they have judgment against the named sureties on the depository bond, copy of which is attached to the petition.

The signers of the bond filed a joint answer, in one division of which was a general denial. In the second division they allege that the money on deposit was money paid to the bank for taxes, for which the county treasurer had forwarded receipts to the bank; that such money was a trust fund in the hands of the bank; and that the claim of the county was a preferred claim. Neither the bank nor the receiver filed any answer. The court entered a decree holding the claim to be preferred, and with judgment over for any deficiency against the sureties on the bond. Leach, superintendent of banking, as receiver, appeals.

The abstract of record consists of the petition, with exhibits, the answer of the sureties on the bond, and the decree. By amendment, it seems that the only other record in the case is the following entry:

"January 30, 1925.

"All parties represented by counsel. Judgment entry on hearing all as per judgment entry signed."

Union County and its treasurer filed a concession in the record, as follows: They "concede that appellants' abstract of record correctly states what occurred at the trial of this case in the district court, and particularly concede that the case was heard on the verbal agreement of counsel that the facts are as recited in the decree set out in said abstract, and that said cause was submitted to the court for such decree as the rights of the parties should require. [Signed] By the Attorney for Union County; G. H. McCornack, County Treasurer."

The sureties on the bond moved to dismiss or affirm this

appeal because, it being an equity case, triable *de novo,* there was no issue raised by appellant, receiver, because he filed no pleading in reply to the petition of plaintiff; and second, because the record shows that the decree was entered on hearing, and all parties were represented by counsel, and there is nothing in the record to show an agreed case, or any agreement as to what the facts were.

Appellants insist that "the case was heard on the verbal agreement of counsel that the facts were as recited in the decree set out." This is denied in the abstract, and the entry of the court on January 30, 1925, as above set out, is substituted by said amended abstract.

There is no certification of the record in this case, and, under our rule, this amendment to the abstract must be accepted as the correct record. It therefore appears that all parties were represented by counsel and the judgment entry was signed. As to what the statements of counsel may have been, if one were made as to the statement of facts, or what agreement counsel may have made as to the facts, the record is wholly silent. As to the facts in the case, therefore, we have nothing before us. This being a trial *de novo,* and the only questions being raised depending wholly upon the facts, we have nothing before us for discussion. There is nothing left for us to do but to sustain the motion and dismiss the appeal.—*Dismissed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.